# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **INTERNET BUSINESS SOLUTIONS, INC.** | : | |
| Plaintiff, | : | |
| v. | : | 4:07-cv-129 (HL) |
| **BRITT WORLDWIDE, LLC,** | : | |
| **BILL BRITT, PEGGY BRITT,** | : | |
| **PAUL MILLER, LESLIE MILLER,** | : | |
| **ROBERT COVINGTON,** | : | |
| **BELL INTERNATIONAL, INC.,** | : | |
| **KEVIN BELL,** and **BETH BELL,** | : | |
| Defendants. | : | |

## ORDER

This Court conducts an initial review of the cases that come before it to ensure that there is a proper jurisdictional basis for each case. Federal courts have only limited jurisdiction, and they must constantly examine a case's jurisdictional basis–even on their own initiative if necessary. Save the Bay, Inc. v. U.S. Army, 639 F.2d 1100, 1102 (5th Cir. 1981).

The requirements for diversity of citizenship jurisdiction are set forth in 28 U.S.C. § 1332, which states that federal district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C.A. § 1332(a)(1) (West 2006). Further, "complete diversity" must exist for the court to retain jurisdiction, that is, every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Defendant's allegation of diversity jurisdiction in this case is

insufficient to determine whether diversity jurisdiction is appropriate.

"[A] limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). Defendants state that "Britt Worldwide LLC is a limited liability company incorporated in the State of Nevada, with its principal place of business in Nevada." (Notice of Removal at ¶ 4.b.). This allegation of citizenship is deficient for two reasons. First, Defendants have approached the citizenship of Britt Worldwide L.L.C. as if it were a corporation. It is not, as indicated by its name, the complaint filed in state court, and Defendants' Notice of Removal. Second, Defendants have failed to offer the Court any indication of where the partners of Britt Worldwide, L.L.C. are citizens. While Defendants do assert that this Court has jurisdiction under 28 U.S.C. § 1332(a), this statement is a legal conclusion, and the Court is entitled to make its own determination independently after reviewing the proper jurisdictional allegations.

For the reasons set forth above, Defendants must amend their Notice of Removal to cure these jurisdictional defects. If Defendants fail to file an amendment correcting these defects within twenty (20) days after this Order is entered on the docket, this case shall be DISMISSED.

SO ORDERED, this 4th day of September, 2007.

                                                    *s/ Hugh Lawson*

                                                  **HUGH LAWSON, Judge**

tch